# STATE OF MICHIGAN

# COURT OF APPEALS

PNC BANK NA, formerly known as NATIONAL
CITY BANK,

UNPUBLISHED
November 3, 2016

Plaintiff-Appellee,

v

No.   329189
Saginaw Circuit Court

MARK A. HEINZ,

LC No.   14-024698-CK

Defendant-Appellant.

Before:  RONAYNE KRAUSE, P.J., and O'CONNELL and GLEICHER, JJ.

PER CURIAM.

Defendant, Mark A. Heinz, appeals as of right the trial court's order granting summary disposition to plaintiff, PNC Bank NA (PNC), under MCR 2.116(C)(10), regarding PNC's suit to collect on a debt.  We affirm.

## I.  FACTUAL BACKGROUND

In 1998, Heinz established a Writeline Account with First of America Bank,[1] which extended Heinz a $30,000 advance.  Heinz made monthly payments until April 2013, at which point Heinz stopped making payments.  PNC issued statements with past-due notifications until September 22, 2013.  On September 30, 2013, PNC "charge[d] off" the account.

In September 2014, PNC sued Heinz to recover principal of $26,636.71 and interest of $1,573.23.  Heinz issued a blanket denial that he owed the amount.  In July 2015, PNC moved for summary disposition, attaching Heinz's account statements and the affidavit of Vice President Larry Stockmyer, in which Stockmyer averred PNC had acquired First of America Bank through a series of mergers.  Stockmyer also stated that he was a custodian of records at PNC and that the bank statements were made in the regular course of business by a person with knowledge of the transactions.  PNC asserted that the mergers were matters of public record. Heinz responded by asserting that PNC had no standing to sue because it failed to establish

---

[1] As will be discussed, First of America Bank merged into National City Bank, which merged into PNC.

assignments of the account and failed to establish that Heinz owed it money through a qualified affidavit. At oral arguments on the motion, Heinz also briefly asserted—without supporting authority—that PNC could no longer collect the account after it had been charged off.

Relying on PNC's affidavit and documentary support, the trial court concluded that Heinz failed to establish any genuine issues of material fact regarding whether he owed PNC the money. Accordingly, it granted summary disposition to PNC.

## II. STANDARDS OF REVIEW

This Court reviews de novo the trial court's decision on a motion for summary disposition. *Maiden v Rozwood*, 461 Mich 109, 118; 597 NW2d 817 (1999); *Gorman v American Honda Motor Co, Inc*, 302 Mich App 113, 115; 839 NW2d 223 (2013). A party is entitled to summary disposition under MCR 2.116(C)(10) if "there is no genuine issue as to any material fact, and the moving party is entitled to judgment . . . as a matter of law." The trial court must consider all the documentary evidence in the light most favorable to the nonmoving party. MCR 2.116(G)(5); *Maiden*, 461 Mich at 120. A genuine issue of material fact exists if, when viewing the record in the light most favorable to the nonmoving party, reasonable minds could differ on the issue. *Gorman*, 302 Mich App at 116. This Court also reviews de novo issues of standing. *Huntington Woods v Detroit*, 279 Mich App 603, 614; 761 NW2d 127 (2008).

## III. STANDING

First, Heinz contends that PNC lacked standing to enforce the debt because there was no evidence of assignments from First of America Bank to PNC. We reject Heinz's argument because PNC acquired the note through a series of mergers and thus was not required to prove any assignments.

When a merger occurs, "title to all real estate and other property and rights owned by each corporation party to the merger are vested in the surviving corporation without reversion or impairment." MCL 450.1724(1)(b); also see 12 USC 215a(e) ("All rights, franchises, and interests of the individual merging banks or banking associations in and to every type of property (real, personal, and mixed) and choses in action shall be transferred to and vested in the receiving association by virtue of such merger without any deed or other transfer."). The merging bank merely steps into the shoes of the predecessor bank and need not engage in any transfer of assets. *Kim v JPMorgan Chase Bank, NA*, 493 Mich 98, 111; 825 NW2d 329 (2012).

In this case, National City Corporation acquired First of America Bank through a merger. *Formations of, Acquisitions By, and Mergers of Bank Holding Companies*, 62 Fed Reg 65428-03, 65429 (December 12, 1997). National City Bank subsequently merged into PNC Bank. *Formations of, Acquisitions By, and Mergers of Bank Holding Companies*, 73 Fed Reg 65854-03, 65854 (November 5, 2008). Accordingly, PNC Bank effectively stepped into the shoes of First of America Bank and acquired all its property without need for an assignment.

Because PNC acquired First of America Bank's assets through a series of mergers, it did not need to assign or otherwise engage in a transfer of assets to own the debt. We conclude that Heinz's argument that PNC lacks standing is without merit.

## IV.  EVIDENCE OF INDEBTEDNESS

Heinz next contends that PNC failed to establish that he was indebted to PNC because the Stockmyer affidavit was inadmissible and did not establish the foundation of the bank statements as business records.  We disagree.

The Stockmyer affidavit need not be admissible for the trial court to consider whether it establishes the foundation for the bank statements as business records.  MRE 104 provides that the trial court may consider inadmissible evidence when making determinations on the admissibility of other evidence:

> Preliminary questions concerning the . . . admissibility of evidence shall be determined by the court, subject to the provisions of subdivision (b) [concerning conditional relevance].  In making its determination it is not bound by the Rules of Evidence except those with respect to privileges.

Accordingly, the fact that the affidavit *itself* is inadmissible does not preclude the trial court from considering it to determine whether the bank statements are admissible.

The affidavit establishes that the bank statements fall within the business records exception to the hearsay rule.  Hearsay is "a statement, other than the one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."  MRE 801(c).  Hearsay is generally inadmissible, unless it is subject to a hearsay exception.  MRE 802.  Evidence of regularly conducted business activity is admissible hearsay if it is in the form of a report made at the time of the transaction, made in the regular course of business, as shown by the testimony of a custodian or other qualified witness, unless the circumstances of preparation indicate a lack of trustworthiness.  MRE 803(6).  In this case, Stockmyer's affidavit asserted that he was a custodial of records at PNC Bank and that bank statements were made in the regular course of business by a person who had personal knowledge of the transactions.  Accordingly, the bank statements fell within a hearsay exception and were admissible to establish that Heinz was indebted to PNC.

Regarding whether PNC may collect on charged-off debt, we conclude that Heinz has abandoned this issue.  A party abandons an issue by failing to raise it in his or her statement of questions presented and by failing to properly support it. *Ypsilanti Fire Marshal v Kircher*, 273 Mich App 496, 543; 730 NW2d 481 (2007).  Heinz did not raise this argument in response to PNC's motion for summary disposition, provided no authority before the trial court for his assertion, and has failed to raise it in his statement of issues presented on appeal.  We conclude that Heinz has abandoned this issue by failing to properly pursue and support it.

We affirm.

/s/ Amy Ronayne Krause
/s/ Peter D. O'Connell
/s/ Elizabeth L. Gleicher

-3-